IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM D. BOWDEN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 06-1253 |
| | ) |
| MISSION PETROLEUM CARRIERS, | ) |
| ANTONIO MARTINEZ NAVARRO | ) |
| | ) |
| Defendants. | ) |



2 06cv0665-WHA

## NOTICE OF REMOVAL

To the Judges of the United States District Court for the Middle District of Alabama, Northern Division:

This Notice of Removal of the Defendant, Mission Petroleum Carriers, Inc., respectfully shows:

1. On or about May 5, 2006, an action was commenced against the Defendant/Petitioner and co-Defendant, Antonio Martinez Navarro in the Circuit Court of Montgomery County, Alabama, entitled: *William D. Bowden v. Mission Petroleum Carriers, and Antonio Martinez Navarro*, Civil Action Number: CV-06-1253. Mission Petroleum Carriers was served on May 20, 2006 and answered the Complaint on June 19, 2006. Service was issued to Antonio Martinez Navarro on May 16, 2006, and the certified mail Summons and Complaint issued to Mr. Navarro has been returned unclaimed as of June 19, 2006. To date, Mr. Navarro has not been served. (A certified copy of the docket sheet is attached hereto as Exhibit A. Copies of the Complaint and Answer filed by Mission Petroleum Carriers, are attached hereto as Exhibit B).

2. The above described action is a civil action of which this Court has jurisdiction number the provision of Title 28, United States Code, §1332, and is one which may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of title 28, United States

Code, §1441, as amended. There is complete diversity among the parties. Upon information and belief, the Plaintiff is a resident of Autauga County, Alabama, and is therefore a citizen of the State of Alabama for diversity purposes. The Defendant, Mission Petroleum Carriers, is organized and existing under the laws of the State of Texas with its principal place of business in Texas. Therefore, for diversity purposes, Mission Petroleum Carriers is a citizen of the State of Texas. Unserved Defendant, Antonio Navarro, is a resident of Houston, Texas, and is therefore a citizen of the State of Texas for diversity purposes. (28 U.S.C. §1332 (c)(1))

3. No Defendant in this action is a citizen of the State of Alabama.

4. There is a sufficient amount in controversy in this matter to confer diversity jurisdiction. 28 U.S.C. 1332 (b) This is a civil action wherein Plaintiff makes claims against the Defendant for unspecified compensatory and punitive damages, alleging external and internal injuries, medical bills, subrogration claims, mental anguish, emotional distress, pain and suffering, lost wages, and property/vehicle damage as a result of the motor vehicle accident on May 13, 2004. Plaintiff's complaint is silent as to the amount in controversy. However, Plaintiff's response to Request for Admission, dated July 12, 2006, indicates that Plaintiff places the amount in controversy in excess of $75,000.00. (See Plaintiff's response to Defendant's Request for Admission attached hereto as Exhibit C). Plaintiff's response to Request for Admission constitutes "other paper." 28 U.S.C. § 1446 (b). *Moses v. AllState Indem. Co.*, 2006, U.S. Dist. Lexis 32724, (*6) M.D. Ala.). This document was Mission Petroleum Carriers' first indication as to the value of this case. Prior to this response, Defendant Mission Petroleum Carriers, has not given an indication as to the amount in controversy in this mater.

5. This notice of removal is filed within 30 days of Mission Petroleum Carriers' receipt of Plaintiff's Response to Defendant's Request for Admission. 28 U.S.C. (b).

6. It is well established that all Defendants in a multi-defendant case must join in the removal. *Fuller v. Exxon Corporation*, 78 F. Supp. 2d 1289, 1293 (S.D. Ala. 1999).

However, there are several exceptions to this rule. A Defendant need not join in the removal if the Defendant has not yet been served with process at the time of removal. *I.d.* As of the date of this removal, Defendant, Antonio Navarro has not been served. (Exhibit A) Since Mr. Navarro has not yet been served, his consent to this removal is not required. *Fuller, supra.*

7.      Plaintiff did not demand a jury in his complaint, however, Defendant, Mission Petroleum Carriers demanded a jury in its Answer.

8.      Copies of all pleadings from the State Court matter are attached to this Notice. Mission Petroleum Carriers has filed a copy of this document with the Circuit Court of Montgomery County, Alabama.

Wherefore, Defendant, Mission Petroleum Carriers, respectfully requests that this action pending against it in the Circuit Court of Montgomery County, Alabama, be removed therefrom to this Honorable Court.

Done this 25th day of July, 2006.

Respectfully submitted,

_____
VINCENT A. NOLETTO, JR. (NOL008)
CAROLINE T. PRYOR (PRY005)
Attorneys for Defendant

**OF COUNSEL:**
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 25th day of July, 2006, served a copy of the foregoing on all counsel of record, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

_____
OF COUNSEL

```
AV02       CIVIL PARTY MAINTENANCE                    COUNTY: 03 MONTGOMERY        AVSAV02
ACTION:          CASE: CV 2006 001253 00 PARTY: D 002 STD:      JID: EWG  OID: ID:
NAME: NAVARRO ANTONIO MARTINEZ                                    TYP: I INDIVIDUAL
ADD1: 2052 DES JARDINES ST        SSN: 000000000 SEX:    RACE:    DOB: 00000000
ADD2:                             ANAM:                              TYP:   DX: Y
 ZIP: 77023 0000 CITY: HOUSTON          ST: TX COUNTRY: US    PHONE: 334 000 0000
INDX: P/BOWDEN WILLI  IDX: Y    ATYCAS: N    ETAL: N    SUIT: N    NOT: N    DOCK: Y
PARA: 000 000                                                       ENTR: 05052006
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ATTYS: 1 000000 Y    PRO SE             2         Y
       3         Y                      4         Y
       5         Y                      6         Y
ISSUED: 05162006 TYPE: C CERTIFIED MAI REISSUE: 00000000 TYPE:
RETURN: 06192006 TYPE: C UNCLAIM CERT  RETURN:  00000000 TYPE:
SERVICE: 00000000 TYPE:               SERV ON:              BY:
ANSWER:  00000000 TYPE:               NS NOT: 00000000 NA NOT: 00000000
WARRANT: 00000000 TYPE:               ARREST: 00000000
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CACT:                    00000000 FOR:    EXEF: 0 SATISFIED: 00000000
 AMT: 000000000 COST: 000000000 OTHER: 000000000 PRINT COMMENT ON CHECK: N
COMM:                                             UPDATED: 07052006 JAG
*** HERE IS THE RECORD ***
01=MNU 02=CVL 03=NDX 04=HST 05=CLR 06=DCS 07=DKT 08=PRT 09=CSF 10=FEE
12=CSE 13=DUP 14=NXP 15=PBR 16=NOT 17=FRM 18=NCL 19=SCR                24=HLP
DATE: 07/25/2006  TIME: 11:13:24 USER:BF03      TERM:BF03FRLY
```

STATE OF ALABAMA
MONTGOMERY COUNTY

I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the _Case action summary_ on file in said office.

Witness my hand and the seal of said Court is hereto affixed, this the 25th day of July, 2006

_[signature]_
CIRCUIT CLERK

ma



EXHIBIT A

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

WILLIAM D. BOWDEN,

    Plaintiff,

v.                                                CASE NO. CV-06-1253

MISSION PETROLEUM CARRIERS
ANTONIO MARTINEZ NAVARRO

    Defendants.

## COMPLAINT

### I. PARTIES

1. Plaintiff William D. Bowden [hereinafter "Plaintiff"] is a resident citizen of Wetumpka, Autauga County, Alabama and is over the age of nineteen (19) years.

2. Defendant Mission Petroleum Carriers is a Texas corporation doing business in Montgomery, Alabama and was doing business herein at all times relevant thereto.

3. Defendant Antonio Martinez Navarro is a resident citizen of Houston, Texas and is over the age of nineteen (19) years.

4. The incident involving the Plaintiff and Defendant(s) occurred on a public roadway in Montgomery County, Alabama.

### II. CAUSES OF ACTION

A. **Negligence/Wantonness**

4. Plaintiff realleges paragraphs one through three of this Complaint.

5. On or about May 13, 2004, on a public roadway, at the intersection of Alabama Highways 106 and 10 and Interstate I-65 in Montgomery County, Alabama, Defendant Antonio M. Navarro was operating a commercial vehicle on behalf of Defendant Mission Petroleum



Carriers and he negligently and/or wantonly caused or allowed their commercial motor vehicle to collide with Plaintiff's motor vehicle causing injuries and damages.

6. As a proximate consequence of the negligence/wantonness of Defendants, Plaintiff was caused to suffer the following injuries and damages:

    a. External and internal injuries, medical bills, subrogation claims.

    b. Mental anguish, emotional distress, pain and suffering.

    c. Lost wages.

    d. Property/Vehicle damage.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages against the Defendants in excess of the jurisdictional limits of this Honorable Court plus interest and costs.

**B. Negligent Supervision and Training**

7. Plaintiff incorporates by reference paragraphs one through seven above and further avers as follows:

8. Defendant Mission Petroleum Carriers negligently failed to properly train, instruct, and/or supervise Defendant Navarro and/or its representatives, employees, agents, or servants regarding the reasonable and/or proper procedures for safely operating a commercial vehicle on an interstate highway in violation of various Federal Motor Carrier Safety regulations.

9. As a proximate result of Defendants' negligent and/or wanton conduct Plaintiff was caused injuries and damages.

**WHEREFORE**, premises considered, Plaintiff demands judgment against Defendant Mission Petroleum Carriers for both compensatory and punitive damages in an amount the jury deems just and reasonable under the facts and applicable law, in excess of the jurisdiction of the Circuit Court, plus costs.

Respectfully submitted on this the 5 day of May, 2006.

OF COUNSEL:

**MCPHILLIPS, SHINBAUM, L.L.P.,**
POB 64
516 S. Perry Street
Montgomery, Alabama 36101
(334) 262-1911
(334) 263-2321 FAX

JAMES G. BODIN (BOD005)

\*     **Plaintiff's Consolidated Discovery is being served with this original Complaint.**

## SUMMONS
## -CIVIL-

IN THE CIRCUIT COURT OF <u>MONTGOMERY</u> COUNTY    CASE NO.: CV-06-1253

<u>WILLIAM D. BOWDEN,</u>

Plaintiff

v.

<u>MISSION PETROLEUM CARRIERS</u>
<u>ANTONIO MARTINEZ NAVARRO,</u>  Defendant

NOTICE TO:    MISSION PETROLEUM CARRIERS
C/O TODD WRIGHT
TETCO RISK MANAGEMENT
P.O. BOX 171720
SAN ANTONIO, TEXAS 78271

FILED 2006 MAY -5 PM 1:18 CIRCUIT COURT OF MONTGOMERY COUNTY

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY, James B. Bodin, WHOSE ADDRESS IS 515 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the <u>Alabama Rules of Civil Procedure:</u>

___ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant.

_✓_ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the <u>Alabama Rules of Civil Procedure.</u>

Date __05/14/06__  _____ By: _____
                    Clerk/Register

_X_ Certified Mail is hereby requested _____
                            Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

___ Return receipt of certified mail received in this office on _____

___ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on _____.
                              (Date)

Date _____        Server's Signature _____

Address of Server _____    Type of Process Server _____

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM D. BOWDEN, | ) |
| Plaintiff, | ) JURY DEMAND |
| v. | ) Civil Action No.: 06-1253 |
| MISSION PETROLEUM CARRIERS, ANTONIO MARTINEZ NAVARRO | ) |
| Defendants. | ) |

## ANSWER

Comes now the Defendant, Mission Petroleum Carriers, and pursuant to the Alabama Rules of Civil Procedure responds to Plaintiff's Complaint as follows:

### I. PARTIES

1. Defendant is without sufficient information to either admit or deny the allegation contained in paragraph 1 and therefore denies same and demands strict proof thereof.

2. Defendant admits that it is a foreign corporation. To the extent that paragraph 2 contains other allegations, those allegations are denied and Defendant demands strict proof thereof.

3. Admitted.

4. Defendant denies the allegations contained in paragraph 4 and demands strict proof thereof.

### II. CAUSES OF ACTION

a. Negligence/wantonness

4. To the extent paragraph 4 of Causes of Action a., contains allegations against this Defendant, those allegations are denied and Defendant demands strict proof thereof.

5. Defendant admits the accident made the basis of this suit occurred on or about May 13, 2004, and that on that date, Antonio M. Navarro, was operating a commercial vehicle

on behalf of Defendant, Mission Petroleum Carriers. Defendant denies all remaining allegations contained in paragraph 5 and demands strict proof thereof.

6. Defendant denies the allegations contained in paragraph 6 and demands strict proof thereof.

b. Negligent supervision and training.

7. To the extent that paragraph 7 contains allegations against this Defendant those allegations are denied and Defendant demands strict proof thereof.

8. Defendant denies the allegations contained in paragraph 8 and demands strict proof thereof.

9. Defendant denies the allegations contained in paragraph 9 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. All allegations not previously admitted to herein are denied and Defendant demands strict proof thereof.

2. The Complaint fails to state a claim for relief which can be granted.

3. Plaintiff himself is guilty of contributory negligence and ought not recover.

4. The acts and omissions of third parties, unrelated to the Defendants' activities, where the efficient cause of the injuries and damages for which Plaintiff makes claims against the Defendants.

5. The acts and omissions of parties other than these Defendants were the sole proximate cause of the injuries and damages which Plaintiff makes his claim.

6. Venue in Montgomery County is improper.

7. Plaintiff has failed to mitigate his damages.

8. Defendant pleads intervening and superceding cause.

9. To the extent that the Plaintiff's Complaint demands punitive damages and such

damages might or could be awarded against this Defendant in this action, the award of punitive damages under Alabama Law and procedure violates the 4th, 5th, 6th, 8th, and 14th Amendments of the Constitution of the United States and § 1, 6, 10, 13, 15, and 22 of Article I of the Alabama Constitution of 1901, on the following separate and several grounds:

(a) The standard governing when punitive damages may be awarded against a defendant in a civil action in Alabama violates the Due Process Clause of the 14th Amendment of the United States Constitution and Article I of the Alabama Constitution;

(b) The award of punitive damages under the law of Alabama in a civil action violates the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(c) The award of punitive damages under Alabama law against a civil defendant, without providing to that defendant all of the protections guaranteed to a person accused of a crime, violates the Due Process Clause of the 14th Amendment and the requirements of the 5th and 6th Amendments of the Constitution of the United States;

(d) The award of punitive damages under Alabama law against a defendant for the wrong doing of another person violates the Due Process Clause of the 14th Amendment of the Constitution of the United States;

(e) The award of punitive damages against a principal for the misconduct of an agent violates the due process clause of the 14th Amendment and constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution;

(f) The award of punitive damages in Alabama under any standard of proof less stringent than "beyond a reasonable doubt" violates both the Due Process Clause of the 14th Amendment and the prohibition against cruel and unusual punishment in the 8th Amendment of the Constitution of the United States;

(g) The Alabama standards defining wanton conduct are impermissibly vague and the award of punitive damages based upon a claim of wantonness under Alabama law violates the Due Process Clause of the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(h) The award of punitive damages under Alabama law violates the Excessive Fines Clause of the 8th Amendment to the United States Constitution and the Excessive Fines Clause of the Alabama Constitution;

(I) The award of punitive damages as claimed by the Plaintiff would violate the Defendant's rights to substantive and procedural due process of law;

(j) The award of punitive damages based upon the evil intent of another, who was acting in an unauthorized or unratified manner, violates the Due Process Clause of the 14th Amendment and the Equal Protection Clause of the same Amendment;

(k) The procedures currently followed in Alabama fail to provide the means for awarding separate judgments against joint tort feasors;

(l) The current procedures under Alabama law permit the multiple awards of punitive damages for the same alleged act;

(m) Alabama law allows the award and imposition of punitive damages without requiring proof beyond a reasonable doubt that the Defendant intended to cause the Plaintiff's injuries;

(n) The procedures and standards in Alabama do not adequately direct and limit the jury's discretion in awarding punitive damages in a civil action;

(o) The procedures and standards in Alabama do not adequately direct and limit the trial court's discretion in reviewing the award and amount of punitive damages in a civil action;

(p) Alabama law does not provide a clear and consistent appellate standard of review of an award of punitive damages; and the review of punitive awards by the Alabama Supreme Court does not remedy the defects in the award of punitive damages under Alabama law and does not protect civil defendants from arbitrary, unreasonable, and standardless punitive awards;

(q) The procedures allowed and authorized under Alabama law permit the admission of evidence relative to the amount of punitive damages in the same proceeding during which liability and compensatory damages are determined, without a bifurcation of the trial into a separate liability phase and a punitive damage phase, and this practice deprives defendants of procedural and substantive due process of law under the Due Process Clause of the 14th Amendment of the United States Constitution;

(r) The existing Alabama practice which allows the award of punitive damages against multiple defendants without apportionment of said damages based upon the culpability of each defendant deprives the defendant of equal protection of the law guaranteed under the 14th Amendment of the United States Constitution and deprives the defendant of due process of the law guaranteed under the same Amendment of the United States Constitution.

10. Defendant reserves the right to supplement its affirmative defenses at a later date.

**DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

_____
VINCENT A. NOLETTO, JR. (NOL008)
CAROLINE T. PRYOR (PRY005)
Attorneys for Defendant

**OF COUNSEL:**
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of June, 2006, served a copy of the foregoing on all counsel of record, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

_____
OF COUNSEL

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

WILLIAM D. BOWDEN,

    Plaintiff,

v.                                                CASE NO. CV-06-1253

MISSION PETROLEUM CARRIERS
ANTONIO MARTINEZ NAVARRO

    Defendants.

### PLAINTIFF'S RESPONSE TO DEFENDANT MISSION PETROLEUM CARRIERS REQUEST FOR ADMISSIONS

COMES NOW, Plaintiff William D. Bowden and responds to Defendants Request for Admissions as follows:

1. Please admit that you do not seek damages in excess of $75,000.00 at the trial of this case.

    **Denied.**

Done this the 12 day of July, 2006.

OF COUNSEL:

**MCPHILLIPS, SHINBAUM, L.L.P.,**
POB 64
516 S. Perry Street
Montgomery, Alabama 36101
(334) 262-1911
(334) 263-2321 FAX

_____
JAMES G. BODIN (BOD005)

EXHIBIT C

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing on the following counsel of record by delivery U.S. mail on this the 12 day of July, 2006.

Vincent A. Noletto, Jr., Esq.
Caroline T. Pryor, Esq.
CARR ALLISON
P. O. Box 1126
Daphne, Alabama 36526

                                        OF COUNSEL

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM D. BOWDEN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 06-1253 |
| MISSION PETROLEUM CARRIERS ANTONIO MARTINEZ NAVARRO | ) |
| Defendants. | ) |

### REQUEST FOR ADMISSIONS

Comes now the Defendant, Mission Petroleum Carriers, and pursuant to the Alabama Rules of Civil Procedure propounds upon the Plaintiff the following request for admission to be responded to within 30 days of service hereof:

1. Please admit that you do not seek damages in excess of $75,000.00 at the trial of this case.

Respectfully submitted,

_____
VINCENT A. NOLETTO, JR. (NOL008)
CAROLINE T. PRYOR (PRY005)
Attorneys for Defendant

**OF COUNSEL:**
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 16th day of _____, 2006, served a copy of the foregoing on all counsel of record, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

_____
OF COUNSEL