IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

WILLIAM D. BOWDEN,                          )
                                            )
    Plaintiff,                              )
                                            )
v.                                          )    Civil Action No.: 06-1253
                                            )
MISSION PETROLEUM CARRIERS,                 )    2:06CV665-WHA
ANTONIO MARTINEZ NAVARRO                     )
                                            )
    Defendants.                             )

---

## STATE NOTICE OF REMOVAL TO MONTGOMERY COUNTY
## TO THE MONTGOMERY COUNTY CIRCUIT CLERK

---

    Please take notice that Mission Petroleum Carriers, Inc., a Defendant in the above-entitled action has this date removed this action to the United States District Court for the Middle District of Alabama, Northern Division, a copy of which removal is attached hereto, in the office of the clerk, in the United States District Court for the Middle District of Alabama, Northern Division, at Montgomery, Alabama.

    Done this 25th day of July, 2006.

                        Respectfully submitted,

                        VINCENT A. NOLETTO, JR. (NOL008)
                        CAROLINE T. PRYOR (PRY005)
                        Attorneys for Defendant

**OF COUNSEL:**
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 25ᵗʰ day of _____July_____, 2006, served a copy of the foregoing on all counsel of record, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

_____
OF COUNSEL

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Bowden, William D.

RECEIVED

**DEFENDANTS**

Mission Petroleum Carriers

**(b)** County of Residence of First Listed Plaintiff  Autauga

2006 JUL 25  A IX 3:50

(EXCEPT IN U.S. PLAINTIFF CASES)

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Anasro, Antonio Martinez

County of Residence of First Listed Defendant  Bexar

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  James Bodin
McPhillips, Shinbaum & Gill
P.O. Box 64, Montgomery, AL 36101-0064

Attorneys (If Known)  Vincent Noletto  251-626-9340
Caroline Pryor, Carr Allison
P.O. Box 1126, Daphne, AL 36526

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) | |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN  (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, 28 U.S.C. 1441

Brief description of cause:
Plaintiff alleges personal injury + property damage as result of an MVA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  7/25/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

RECEIVED

WILLIAM D. BOWDEN,                              )

    Plaintiff,                             )                2006 JUL 25  A 11: 35

                                           )
v.                                             )        Civil Action No.: 06-1253  DEBRA P. HACKETT, CLK
                                           )                U.S. DISTRICT COURT
MISSION PETROLEUM CARRIERS,                    )                MIDDLE DISTRICT ALA
ANTONIO MARTINEZ NAVARRO                        )

                                           )
    Defendants.                            )

---

## NOTICE OF REMOVAL

---

To the Judges of the United States District Court for the Middle District of Alabama, Northern Division:

This Notice of Removal of the Defendant, Mission Petroleum Carriers, Inc., respectfully shows:

1.      On or about May 5, 2006, an action was commenced against the Defendant/Petitioner and co-Defendant, Antonio Martinez Navarro in the Circuit Court of Montgomery County, Alabama, entitled: *William D. Bowden v. Mission Petroleum Carriers, and Antonio Martinez Navarro*, Civil Action Number: CV-06-1253. Mission Petroleum Carriers was served on May 20, 2006 and answered the Complaint on June 19, 2006. Service was issued to Antonio Martinez Navarro on May 16, 2006, and the certified mail Summons and Complaint issued to Mr. Navarro has been returned unclaimed as of June 19, 2006. To date, Mr. Navarro has not been served. (A certified copy of the docket sheet is attached hereto as Exhibit A. Copies of the Complaint and Answer filed by Mission Petroleum Carriers, are attached hereto as Exhibit B).

2.      The above described action is a civil action of which this Court has jurisdiction number the provision of Title 28, United States Code, §1332, and is one which may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of title 28, United States

Code, §1441, as amended. There is complete diversity among the parties. Upon information and belief, the Plaintiff is a resident of Autauga County, Alabama, and is therefore a citizen of the State of Alabama for diversity purposes. The Defendant, Mission Petroleum Carriers, is organized and existing under the laws of the State of Texas with its principal place of business in Texas. Therefore, for diversity purposes, Mission Petroleum Carriers is a citizen of the State of Texas. Unserved Defendant, Antonio Navarro, is a resident of Houston, Texas, and is therefore a citizen of the State of Texas for diversity purposes. (28 U.S.C. §1332 (c)(1))

3.    No Defendant in this action is a citizen of the State of Alabama.

4.    There is a sufficient amount in controversy in this matter to confer diversity jurisdiction. 28 U.S.C. 1332 (b) This is a civil action wherein Plaintiff makes claims against the Defendant for unspecified compensatory and punitive damages, alleging external and internal injuries, medical bills, subrogation claims, mental anguish, emotional distress, pain and suffering, lost wages, and property/vehicle damage as a result of the motor vehicle accident on May 13, 2004. Plaintiff's complaint is silent as to the amount in controversy. However, Plaintiff's response to Request for Admission, dated July 12, 2006, indicates that Plaintiff places the amount in controversy in excess of $75,000.00. (See Plaintiff's response to Defendant's Request for Admission attached hereto as Exhibit C). Plaintiff's response to Request for Admission constitutes "other paper." 28 U.S.C. § 1446 (b). *Moses v. AllState Indem. Co.*, 2006, U.S. Dist. Lexis 32724, (*6) M.D. Ala.). This document was Mission Petroleum Carriers' first indication as to the value of this case. Prior to this response, Defendant Mission Petroleum Carriers, has not given an indication as to the amount in controversy in this mater.

5.    This notice of removal is filed within 30 days of Mission Petroleum Carriers' receipt of Plaintiff's Response to Defendant's Request for Admission. 28 U.S.C. (b).

6.    It is well established that all Defendants in a multi-defendant case must join in the removal. *Fuller v. Exxon Corporation*, 78 F. Supp. 2d 1289, 1293 (S.D. Ala. 1999).

However, there are several exceptions to this rule. A Defendant need not join in the removal if the Defendant has not yet been served with process at the time of removal. *I.d.* As of the date of this removal, Defendant, Antonio Navarro has not been served. (Exhibit A) Since Mr. Navarro has not yet been served, his consent to this removal is not required. *Fuller, supra.*

7.      Plaintiff did not demand a jury in his complaint, however, Defendant, Mission Petroleum Carriers demanded a jury in its Answer.

8.      Copies of all pleadings from the State Court matter are attached to this Notice. Mission Petroleum Carriers has filed a copy of this document with the Circuit Court of Montgomery County, Alabama.

Wherefore, Defendant, Mission Petroleum Carriers, respectfully requests that this action pending against it in the Circuit Court of Montgomery County, Alabama, be removed therefrom to this Honorable Court.

Done this 25th day of July, 2006.

Respectfully submitted,

VINCENT A. NOLETTO, JR. (NOL008)
CAROLINE T. PRYOR (PRY005)
Attorneys for Defendant

OF COUNSEL:
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on this _28th_ day of _____, 2006, served a copy of the foregoing on all counsel of record, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

                                _____
                                OF COUNSEL

```
ACTION:    CASE: CV 2006 001253 00 PARTY: D 002 STD:        JID: EWR    CONFID:
NAME: NAVARRO ANTONIO MARTINEZ                          TYP: I INDIVIDUAL
ADD1: 2052 DES JARDINES ST        SSN: 000000000  SEX:    RACE:    DOB: 00000000
ADD2:                      ANAM:                              TYP:   DX: Y
 ZIP: 77023 0000 CITY: HOUSTON        ST: TX COUNTRY: US    PHONE: 334 000 0000
INDX: P/BOWDEN WILLI IDX: Y  ATYCAS: N  ETAL: N   SUIT: N   NOT: N    DOCK: Y
PARA: 000 000                                       ENTR: 05052006
------------------------------------------------------------------------------
ATTYS: 1 000000 Y    PRO SE            2        Y
       3          Y                    4        Y
       5          Y                    6        Y
 ISSUED: 05162006 TYPE: C CERTIFIED MAI REISSUE: 00000000 TYPE:
 RETURN: 06192006 TYPE: C UNCLAIM CERT   RETURN: 00000000 TYPE:
SERVICE: 00000000 TYPE:              SERV ON:            BY:
 ANSWER: 00000000 TYPE:              NS NOT: 00000000 NA NOT: 00000000
WARRANT: 00000000 TYPE:              ARREST: 00000000
------------------------------------------------------------------------------
CACT:                 00000000  FOR:    EXEP: 0 SATISFIED: 00000000
 AMT: 0000000000 COST: 0000000000 OTHER: 0000000000 PRINT COMMENT ON CHECK: N
COMM:                                    UPDATED: 07052006 JAG
*** HERE IS THE RECORD ***
01=MNU 02=CVL 03=NDX 04=HST 05=CLR 06=OCS 07=DKT 08=PRT 09=CSF 10=FEE
12=CSE 13=DUP 14=NXP 15=PBR 16=NOT 17=FRM 18=NCL 19=SCR           24=HLP
DATE: 07/25/2006  TIME: 11:13:24 USER:BF03      TERM:BF03FRLY
```

STATE OF ALABAMA
MONTGOMERY COUNTY
I, as Circuit Clerk, Montgomery County
Circuit Court, do hereby certify that the within
is a complete, true and correct copy of the
_Case action summary_
on file in said office.
 Witness my hand and the seal of said Court
is hereto affixed this the _25th_
day of _July_ _2006_
_____
CIRCUIT CLERK

EXHIBIT
A
ALL-STATE LEGAL®

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

WILLIAM D. BOWDEN,

      **Plaintiff,**

  v.

MISSION PETROLEUM CARRIERS
ANTONIO MARTINEZ NAVARRO

      **Defendants.**

\*
\*
\*

CASE NO. CV-06-1253

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 MAY -5 PM 1:10

## COMPLAINT

### I. PARTIES

1.    Plaintiff William D. Bowden [hereinafter "Plaintiff"] is a resident citizen of Wetumpka, Autauga County, Alabama and is over the age of nineteen (19) years.

2.    Defendant Mission Petroleum Carriers is a Texas corporation doing business in Montgomery, Alabama and was doing business herein at all times relevant thereto.

3.    Defendant Antonio Martinez Navarro is a resident citizen of Houston, Texas and is over the age of nineteen (19) years.

4.    The incident involving the Plaintiff and Defendant(s) occurred on a public roadway in Montgomery County, Alabama.

### II. CAUSES OF ACTION

#### A.  Negligence/Wantonness

4.    Plaintiff realleges paragraphs one through three of this Complaint.

5.    On or about May 13, 2004, on a public roadway, at the intersection of Alabama Highways 106 and 10 and Interstate I-65 in Montgomery County, Alabama, Defendant Antonio M. Navarro was operating a commercial vehicle on behalf of Defendant Mission Petroleum



EXHIBIT
B

Carriers and he negligently and/or wantonly caused or allowed their commercial motor vehicle to collide with Plaintiff's motor vehicle causing injuries and damages.

6.   As a proximate consequence of the negligence/wantonness of Defendants, Plaintiff was caused to suffer the following injuries and damages:

    a.   External and internal injuries, medical bills, subrogation claims.

    b.   Mental anguish, emotional distress, pain and suffering.

    c.   Lost wages.

    d.   Property/Vehicle damage.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages against the Defendants in excess of the jurisdictional limits of this Honorable Court plus interest and costs.

## B.   Negligent Supervision and Training

7.   Plaintiff incorporates by reference paragraphs one through seven above and further avers as follows:

8.   Defendant Mission Petroleum Carriers negligently failed to properly train, instruct, and/or supervise Defendant Navarro and/or its representatives, employees, agents, or servants regarding the reasonable and/or proper procedures for safely operating a commercial vehicle on an interstate highway in violation of various Federal Motor Carrier Safety regulations.

9.   As a proximate result of Defendants' negligent and/or wanton conduct Plaintiff was caused injuries and damages.

**WHEREFORE,** premises considered, Plaintiff demands judgment against Defendant Mission Petroleum Carriers for both compensatory and punitive damages in an amount the jury deems just and reasonable under the facts and applicable law, in excess of the jurisdiction of the Circuit Court, plus costs.

Respectfully submitted on this the __5__ day of May, 2006.

OF COUNSEL:

**MCPHILLIPS, SHINBAUM, L.L.P.,**
POB 64
516 S. Perry Street
Montgomery, Alabama 36101
(334) 262-1911
(334) 263-2321 FAX

JAMES G. BODIN (BOD005)

\*    **Plaintiff's Consolidated Discovery is being served with this original Complaint.**

**SUMMONS**
**-CIVIL-**

IN THE CIRCUIT COURT OF <u>MONTGOMERY</u> COUNTY    CASE NO.: CV — 06 — 1253

<u>WILLIAM D. BOWDEN,</u>

**Plaintiff**

**v.**
<u>MISSION PETROLEUM CARRIERS</u>
<u>ANTONIO MARTINEZ NAVARRO,</u>  **Defendant**

**NOTICE TO:**    MISSION PETROLEUM CARRIERS
C/O TODD WRIGHT
TETCO RISK MANAGEMENT
P.O. BOX 171720
SAN ANTONIO, TEXAS 78271

2006 MAY -5 PH 1: 08
CIRCUIT COURT OF MONTGOMERY COUNTY FILED

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY
ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS
COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY, James S. Bodin,
WHOSE ADDRESS IS 516 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the <u>Alabama Rules of Civil</u>
<u>Procedure:</u>

_____    You are hereby commanded to serve this summons and a copy of the
complaint in this action upon the Defendant.

__✓__    Service by certified mail of this summons is initiated upon the
written request of _____ pursuant to the    <u>Alabama</u>
<u>Rules of Civil Procedure.</u>

Date  05/14/06  _Deborah Hittenews_  By: _K._
Clerk/Register

___X___  Certified Mail is hereby requested  _Bod_
Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

_____    Return receipt of certified mail received in this office on _____

_____    I certify that I personally delivered a copy of the Summons and Complaint to
_____ in _____ County, Alabama, on _____.
(Date)

Date _____    Server's Signature _____

Address of Server _____    Type of Process Server _____

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

WILLIAM D. BOWDEN,                )
                                  )    JURY DEMAND
        Plaintiff,                )
                                  )
v.                                )    Civil Action No.: 06-1253
                                  )
MISSION PETROLEUM CARRIERS,       )
ANTONIO MARTINEZ NAVARRO          )
                                  )
        Defendants.               )

## ANSWER

Comes now the Defendant, Mission Petroleum Carriers, and pursuant to the Alabama Rules of Civil Procedure responds to Plaintiff's Complaint as follows:

## I. PARTIES

1.    Defendant is without sufficient information to either admit or deny the allegation contained in paragraph 1 and therefore denies same and demands strict proof thereof.

2.    Defendant admits that it is a foreign corporation. To the extent that paragraph 2 contains other allegations, those allegations are denied and Defendant demands strict proof thereof.

3.    Admitted.

4.    Defendant denies the allegations contained in paragraph 4 and demands strict proof thereof.

## II. CAUSES OF ACTION

a.    Negligence/wantonness

4.    To the extent paragraph 4 of Causes of Action a., contains allegations against this Defendant, those allegations are denied and Defendant demands strict proof thereof.

5.    Defendant admits the accident made the basis of this suit occurred on or about May 13, 2004, and that on that date, Antonio M. Navarro, was operating a commercial vehicle

on behalf of Defendant, Mission Petroleum Carriers. Defendant denies all remaining allegations contained in paragraph 5 and demands strict proof thereof.

6.    Defendant denies the allegations contained in paragraph 6 and demands strict proof thereof.

b.    Negligent supervision and training.

7.    To the extent that paragraph 7 contains allegations against this Defendant those allegations are denied and Defendant demands strict proof thereof.

8.    Defendant denies the allegations contained in paragraph 8 and demands strict proof thereof.

9.    Defendant denies the allegations contained in paragraph 9 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    All allegations not previously admitted to herein are denied and Defendant demands strict proof thereof.

2.    The Complaint fails to state a claim for relief which can be granted.

3.    Plaintiff himself is guilty of contributory negligence and ought not recover.

4.    The acts and omissions of third parties, unrelated to the Defendants' activities, where the efficient cause of the injuries and damages for which Plaintiff makes claims against the Defendants.

5.    The acts and omissions of parties other than these Defendants were the sole proximate cause of the injuries and damages which Plaintiff makes his claim.

6.    Venue in Montgomery County is improper.

7.    Plaintiff has failed to mitigate his damages.

8.    Defendant pleads intervening and superceding cause.

9.    To the extent that the Plaintiff's Complaint demands punitive damages and such

damages might or could be awarded against this Defendant in this action, the award of punitive damages under Alabama Law and procedure violates the 4th, 5th, 6th, 8th, and 14th Amendments of the Constitution of the United States and § 1, 6, 10, 13, 15, and 22 of Article I of the Alabama Constitution of 1901, on the following separate and several grounds:

(a)  The standard governing when punitive damages may be awarded against a defendant in a civil action in Alabama violates the Due Process Clause of the 14th Amendment of the United States Constitution and Article I of the Alabama Constitution;

(b)  The award of punitive damages under the law of Alabama in a civil action violates the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(c)  The award of punitive damages under Alabama law against a civil defendant, without providing to that defendant all of the protections guaranteed to a person accused of a crime, violates the Due Process Clause of the 14th Amendment and the requirements of the 5th and 6th Amendments of the Constitution of the United States;

(d)  The award of punitive damages under Alabama law against a defendant for the wrong doing of another person violates the Due Process Clause of the 14th Amendment of the Constitution of the United States;

(e)  The award of punitive damages against a principal for the misconduct of an agent violates the due process clause of the 14th Amendment and constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution;

(f)  The award of punitive damages in Alabama under any standard of proof less stringent than "beyond a reasonable doubt" violates both the Due Process Clause of the 14th Amendment and the prohibition against cruel and unusual punishment in the 8th Amendment of the Constitution of the United States;

(g)  The Alabama standards defining wanton conduct are impermissibly vague and the award of punitive damages based upon a claim of wantonness under Alabama law violates the Due Process Clause of the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(h)  The award of punitive damages under Alabama law violates the Excessive Fines Clause of the 8th Amendment to the United States Constitution and the Excessive Fines Clause of the Alabama Constitution;

(I)  The award of punitive damages as claimed by the Plaintiff would violate the Defendant's rights to substantive and procedural due process of law;

(j)    The award of punitive damages based upon the evil intent of another, who was acting in an unauthorized or unratified manner, violates the Due Process Clause of the 14th Amendment and the Equal Protection Clause of the same Amendment;

(k)    The procedures currently followed in Alabama fail to provide the means for awarding separate judgments against joint tort feasors;

(l)    The current procedures under Alabama law permit the multiple awards of punitive damages for the same alleged act;

(m)    Alabama law allows the award and imposition of punitive damages without requiring proof beyond a reasonable doubt that the Defendant intended to cause the Plaintiff's injuries;

(n)    The procedures and standards in Alabama do not adequately direct and limit the jury's discretion in awarding punitive damages in a civil action;

(o)    The procedures and standards in Alabama do not adequately direct and limit the trial court's discretion in reviewing the award and amount of punitive damages in a civil action;

(p)    Alabama law does not provide a clear and consistent appellate standard of review of an award of punitive damages; and the review of punitive awards by the Alabama Supreme Court does not remedy the defects in the award of punitive damages under Alabama law and does not protect civil defendants from arbitrary, unreasonable, and standardless punitive awards;

(q)    The procedures allowed and authorized under Alabama law permit the admission of evidence relative to the amount of punitive damages in the same proceeding during which liability and compensatory damages are determined, without a bifurcation of the trial into a separate liability phase and a punitive damage phase, and this practice deprives defendants of procedural and substantive due process of law under the Due Process Clause of the 14th Amendment of the United States Constitution;

(r)    The existing Alabama practice which allows the award of punitive damages against multiple defendants without apportionment of said damages based upon the culpability of each defendant deprives the defendant of equal protection of the law guaranteed under the 14th Amendment of the United States Constitution and deprives the defendant of due process of the law guaranteed under the same Amendment of the United States Constitution.

10.    Defendant reserves the right to supplement its affirmative defenses at a later date.

**DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

VINCENT A. NOLETTO, JR. (NOL008)
CAROLINE T. PRYOR (PRY005)
Attorneys for Defendant

OF COUNSEL:
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 16th day of _____, 2006, served a copy of the foregoing on all counsel of record, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

OF COUNSEL

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

**WILLIAM D. BOWDEN,**

     **Plaintiff,**

**v.**

**MISSION PETROLEUM CARRIERS**
**ANTONIO MARTINEZ NAVARRO**

     **Defendants.**

     **CASE NO. CV-06-1253**

## PLAINTIFF'S RESPONSE TO DEFENDANT MISSION PETROLEUM CARRIERS REQUEST FOR ADMISSIONS

COMES NOW, Plaintiff William D. Bowden and responds to Defendants Request for Admissions as follows:

1.    Please admit that you do not seek damages in excess of $75,000.00 at the trial of this case.

    **Denied.**

Done this the _12_ day of July, 2006.

OF COUNSEL:

**MCPHILLIPS, SHINBAUM, L.L.P.,**
POB 64
516 S. Perry Street
Montgomery, Alabama 36101
(334) 262-1911
(334) 263-2321 FAX

JAMES G. BODIN (BOD005)



## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing on the following counsel of record by delivery U.S. mail on this the 12 day of July, 2006.

Vincent A. Noletto, Jr., Esq.
Caroline T. Pryor, Esq.
CARR ALLISON
P. O. Box 1126
Daphne, Alabama 36526

               OF COUNSEL

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM D. BOWDEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.: 06-1253 |
| | ) |
| MISSION PETROLEUM CARRIERS | ) |
| ANTONIO MARTINEZ NAVARRO | ) |
| | ) |
|     Defendants. | ) |

*2006 JUN 19 AM 10: 02*
*FILED CIRCUIT COURT OF MONTGOMERY COUNTY*

## REQUEST FOR ADMISSIONS

Comes now the Defendant, Mission Petroleum Carriers, and pursuant to the Alabama Rules of Civil Procedure propounds upon the Plaintiff the following request for admission to be responded to within 30 days of service hereof:

1.    Please admit that you do not seek damages in excess of $75,000.00 at the trial of this case.

Respectfully submitted,

VINCENT A. NOLETTO, JR. (NOL008)
CAROLINE T. PRYOR (PRY005)
Attorneys for Defendant

**OF COUNSEL:**
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___16th___ day of _____, 2006, served a copy of the foregoing on all counsel of record, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

OF COUNSEL