**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | |
|---|---|
| **WILLIAM D. BOWDEN,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: 2:06-CV-665** |
| ) | |
| **MISSION PETROLEUM CARRIERS,** ) | |
| **ANTONIO MARTINEZ NAVARRO** ) | |
| ) | |
|     **Defendants.** ) | |

**REPORT OF PARTIES
PLANNING MEETING**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on August 8, 2006 via telephone and was attended by James Bodin for the Plaintiff, and Caroline Pryor for the Defendant, Mission Petroleum Carriers (hereinafter referred to as "Defendant"). Defendant, Antonio M. Navarro has not yet been served and has not entered an appearance. As a result, Defendant Antonio Navarro did not participate in the planning meeting.

Because Defendant Navarro has not been served, counsel for Plaintiff cannot commit to a discovery schedule and proposed trial setting at this time. Plaintiff's counsel continues to attempt to serve Mr. Navarro in Texas. Counsel for Bowden and Mission Petroleum Carriers agree that to the following schedule, assuming Bowden is able to serve Navarro in the near future. If Bowden is unable to serve Navarro, he will need to seek leave of court for additional time in which to conduct discovery as well as a possible new trial setting.

The parties jointly propose the following discovery and trial schedule:

1.    Pre-discovery disclosures. The parties will exchange by August 28, 2006, the

information required by Fed.R.Civ.P. 26(a)(1).

2. Discovery Plan. The parties jointly propose to the Court the following discovery plan: discovery will be needed on the following subjects:

a. liability, causation, and the facts surrounding this wreck which occurred on May 13, 2004, at the intersection of Alabama Highways 106 and 10 and Interstate I-65 in Montgomery County, Alabama;

b. Mr. Bowden's claimed injury, including medical treatment, the extent of injury, nature of injuries, whether the injuries are permanent or temporary, insurance coverage; the amount of medical bills, subrogation claims, and worker's compensation claims;

c. elements of damages claimed by Plaintiff Bowden.

d. Defendants' defenses, the scope of Defendant Navarro's employment with Defendant Mission and training and instruction Navarro received concerning highway safety procedures involving commercial vehicles, including but not limited to the Federal Safety Motor Carriers' Act and similar regulations.

e. Issues contained in the Plaintiff's complaint and the Defendants' answers.

All discovery commencing time to be completed by April 15, 2007, with the exception of medical expert witnesses who may be deposed until May 31, 2007.

Maximum of 40 interrogatories by each party to any other party with responses due 30 days after service.

Maximum of 20 requests for production by each party to any other party with responses due 30 days after service.

Maximum of 20 requests for admissions by each party to any other party with responses due 30 days after service.

For lay witnesses, maximum of 6 depositions by Plaintiff and 6 depositions by each Defendant. For expert witnesses, a maximum of 6 depositions by Plaintiff and 6 depositions by each Defendant. For medical expert witnesses and/or physicians who treated the Plaintiff, the parties agree that the witnesses' testimony may be taken by deposition and entered into the trial record in lieu of live trial testimony by these expert witnesses. Each deposition, whether expert or lay, is limited to a maximum of 6 hours unless extended by agreement of parties.

3. Reports from retained experts under Rule 26 (a)(2)d:

> From the Plaintiff by January 9, 2007, and from the Defendants by February 9, 2007.

Supplementation under Rule 26 (e)(d) due 30 days prior to the close of discovery.

4. Other items:

The parties do not request a conference with the Court before entry of the scheduling order.

The parties request a pretrial conference in June, 2007.

Plaintiff to be allowed until January 8, 2007 to join additional parties and to amend the pleadings.

Defendant should be allowed until January 22, 2007 to join parties and amend the pleadings.

All potentially dispositive motions shall be filed by March 15, 2007.

Settlement is a possibility but can not be evaluated until the final disclosure of expert witnesses. Parties request the opportunity to choose their own mediator should they believe mediation will facilitate the resolution of this matter.

Final list of witnesses and exhibits under Rule 26 (a)(3) should be due from all parties by

April 9, 2007.

    Parties should have 10 days after service of final list of witnesses and exhibits to list objections and Rule 26(a)(3).

    This case should be ready for trial by July 2007, and at this time is expected to take approximately two days.

    No other matters.

    Done this  9th  day of August, 2006.

                                                  Respectfully submitted,

                                                /s/ James G. Bodin
                                              JAMES G. BODIN (BOD005)
                                              Attorney for Plaintiff William Bowden

OF COUNSEL
McPhillips, Shinbaum, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064
(334) 262-1911
*lawtalk2@hotmail.com*

                                              /s/ Caroline T. Pryor
                                              VINCENT A. NOLETTO, JR. (NOL008)
                                              CAROLINE T. PRYOR (PRY005)
                                              Attorneys for Defendant, Mission Petroleum Carriers

OF COUNSEL:
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

CERTIFICATE OF SERVICE

      I do hereby certify that I have on this  9th  day of   August  , 2006, served a copy of the foregoing on the following, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

Antonio Martinez Navarro
2052 Des Jardines
Houston, Texas 77023

                                             /s/ James G. Bodin
                                          OF COUNSEL