**IN THE U.S. DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**WILLIAM D. BOWDEN,**                         *

      **Plaintiff,**                              *

**vs.**                                        *         **CIVIL ACTION NO. 2:06-CV-665**

**MISSION PETROLEUM CARRIERS, et al.,** *

      **Defendants.**                          *

---

**ANSWER**

---

**PARTIES**

Comes now the Defendant, Antonio Martinez Navarro, hereinafter referred to as "Navarro" and pursuant to the Federal Rules of Civil Procedure answers Plaintiff's Complaint as follows:

1.      Navarro is without sufficient information to either admit or deny the allegations contained in paragraph 1 and therefore denies the same and demands strict proof thereof.

2.      Upon information and belief, Navarro admits that Mission Petroleum Carriers is a foreign corporation.  To the extent that paragraph 2 contains additional or separate allegations, Navarro denies those allegations and demands strict proof thereof.

3.      Navarro admits that he is a Texas resident and over the age of 19.  To the extent that paragraph 3 contains different or additional allegations, those allegations are denied and Defendant demands strict proof thereof.

4.      Navarro denies the allegations contained in paragraph 4 and demands strict proof thereof.

**CAUSES OF ACTION**

a.      Negligence and Wantonness.

4.      To the extent that this paragraph contains allegations against Navarro, those allegations are denied and Navarro demands strict proof thereof.

5.      Navarro admits that the accident made of the basis of this suit occurred on or about May 13, 2004, and that on that date, he was operating a commercial vehicle on behalf of Defendant, Mission Petroleum Carriers.  Navarro denies all remaining allegations contained in paragraph 5 and demands strict proof thereof.

6.      Navarro denies all allegations contained in paragraph 6, including subparagraph A-D and demands strict proof thereof.

b.      Negligence Supervision and Training.

7.      To the extent paragraph 7 contains allegations against Navarro, those allegations are denied and Navarro demands strict proof thereof.

8.      The allegations in this paragraph appear to be directed toward Defendant, Mission Petroleum Carriers, and as a consequence, do not appear to require a reply from Defendant, Navarro.  However, to the extent that paragraph 8 contains allegations against Navarro, those allegations are denied and Navarro demands strict proof thereof.

9.      Paragraph 9 appears to contain allegations against Defendant, Mission Petroleum Carriers, however, to the extent that paragraph 9 contains allegations against Navarro, Navarro denies those allegations and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.      All allegations not previously admitted to herein are denied and Navarro demands strict proof thereof.

2.      The Complaint fails to state a claim for relief which can be granted.

3.      Plaintiff himself is guilty of contributory negligence and ought not recover.

4.      The acts and admissions of third parties unrelated to Navarro's activities were the efficient cause of the injuries and damages for which Plaintiff makes claims against the Defendant.

5.     The acts and omissions of parties other than Navarro and Mission Petroleum Carries with the sole and approximate cause of the injuries and damages which Plaintiff claims.

6.     Plaintiff has failed to mitigated his damages.

7.     Navarro pleads intervening and superceding cause.

8.     To the extent that the Plaintiff's Complaint demands punitive damages and such damages might or could be awarded against this Defendant in this action, the award of punitive damages under Alabama Law and procedure violates the 4th, 5th, 6th, 8th, and 14th Amendments of the Constitution of the United States and § 1, 6, 10, 13, 15, and 22 of Article I of the Alabama Constitution of 1901, on the following separate and several grounds:

(a)     The standard governing when punitive damages may be awarded against a defendant in a civil action in Alabama violates the Due Process Clause of the 14th Amendment of the United States Constitution and Article I of the Alabama Constitution;

(b)     The award of punitive damages under the law of Alabama in a civil action violates the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(c)     The award of punitive damages under Alabama law against a civil defendant, without providing to that defendant all of the protections guaranteed to a person accused of a crime, violates the Due Process Clause of the 14th Amendment and the requirements of the 5th and 6th Amendments of the Constitution of the United States;

(d)     The award of punitive damages under Alabama law against a defendant for the

wrong doing of another person violates the Due Process Clause of the 14th Amendment of the Constitution of the United States;

(e)     The award of punitive damages against a principal for the misconduct of an agent violates the due process clause of the 14th Amendment and constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution;

(f)     The award of punitive damages in Alabama under any standard of proof less stringent than "beyond a reasonable doubt" violates both the Due Process Clause of the 14th Amendment and the prohibition against cruel and unusual punishment in the 8th Amendment of the Constitution of the United States;

(g)     The Alabama standards defining wanton conduct are impermissibly vague and the award of punitive damages based upon a claim of wantonness under Alabama law violates the Due Process Clause of the 14th Amendment of the United States Constitution and violates the provisions of Article I of the Constitution of the State of Alabama;

(h)     The award of punitive damages under Alabama law violates the Excessive Fines Clause of the 8th Amendment to the United States Constitution and the Excessive Fines Clause of the Alabama Constitution;

(I)     The award of punitive damages as claimed by the Plaintiff would violate the Defendant's rights to substantive and procedural due process of law;

(j)     The award of punitive damages based upon the evil intent of another, who was acting in an unauthorized or unratified manner, violates the Due Process Clause of the 14th Amendment and the Equal Protection Clause of the same Amendment;

(k)     The procedures currently followed in Alabama fail to provide the means for awarding separate judgments against joint tort feasors;

(l)     The current procedures under Alabama law permit the multiple awards of punitive damages for the same alleged act;

(m)     Alabama law allows the award and imposition of punitive damages without requiring proof beyond a reasonable doubt that the Defendant intended to cause the Plaintiff's injuries;

(n)     The procedures and standards in Alabama do not adequately direct and limit the jury's discretion in awarding punitive damages in a civil action;

(o)     The procedures and standards in Alabama do not adequately direct and limit the trial court's discretion in reviewing the award and amount of punitive damages in a civil action;

(p)     Alabama law does not provide a clear and consistent appellate standard of review of an award of punitive damages; and the review of punitive awards by the Alabama Supreme Court does not remedy the defects in the award of punitive damages under Alabama law and does not protect civil defendants from

arbitrary, unreasonable, and standardless punitive awards;

(q)     The procedures allowed and authorized under Alabama law permit the admission

of evidence relative to the amount of punitive damages in the same proceeding

during which liability and compensatory damages are determined, without a

bifurcation of the trial into a separate liability phase and a punitive damage

phase, and this practice deprives defendants of procedural and substantive due

process of law under the Due Process Clause of the 14th Amendment of the

United States Constitution;

(r)     The existing Alabama practice which allows the award of punitive damages

against multiple defendants without apportionment of said damages based upon

the culpability of each defendant deprives the defendant of equal protection of

the law guaranteed under the 14th Amendment of the United States Constitution

and deprives the defendant of due process of the law guaranteed under the

same Amendment of the United States Constitution.

9.     Navarro reserves the right to supplement his affirmative defenses as allowed by

law.

**DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

  /s/Caroline T. Pryor
VINCENT A. NOLETTO, JR. (NOL008)
CAROLINE T. PRYOR (PRY005)
Attorneys for Defendant, Navarro

**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of December, 2006, I electronically filed the foregoing pleading with the clerk's office using the Alafile system which will send notification of such filing to the following counsel of record:

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

                         /s/Caroline T. Pryor
                        CAROLINE T. PRYOR