IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. BOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:06-cv-665 |
| | ) | |
| MISSION PETROLEUM CARRIERS, | ) | |
| ANTONIO MARTINEZ NAVARRO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER

COME NOW the Defendants, Mission Petroleum Carriers, LLC, and Antonio Navarro by and through their counsel of record and on the Order to Show Cause why Plaintiff's Motion to Compel Discovery Responses from Antonio Navarro should not be granted, say the following:

Antonio Navarro has furnished to plaintiff's counsel unsigned responses to consolidated discovery directed to him.   He has been asked to and has told the undersigned that he will provide executed responses, but those responses have not yet arrived at the office of the undersigned.  The responses provided to Plaintiff were verbally confirmed with Mr. Navarro before they were forwarded to Plaintiff and changes to the responses are not expected.  Attached as Exhibit A are the letter to Plaintiff's counsel from Van Noletto transmitting the discovery responses, and the discovery responses.

Mr. Navarro resides in Houston.  He is a former employee of Mission Petroleum Carriers and is employed as a truck driver.   Mr. Navarro is home very little, and for this reason, it is extremely difficult to make contact with him.

The undersigned respectfully requests ten days in which to have Mr. Navarro's discovery responses forwarded to Plaintiff's counsel before an order compelling their production is issued.

_/s/Vincent A. Noletto, Jr._____
VINCENT A. NOLETTO, JR. (NOL008)
CAROLINE T. PRYOR (PRY005)
Attorneys for Defendants

**OF COUNSEL:**
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 30th of April, 2007, served a copy of the foregoing pleading upon all counsel of record via the Court's electronic filing system.

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

_/s/Vincent A. Noletto, Jr._____
OF COUNSEL



CARR ALLISON

Vincent A. Noletto, Jr.
van@carrallison.com

6251 Monroe Street, Suite 200
Daphne, Alabama 36526
Phone (251) 626-9340
Fax (251) 626-8928
www.carrallison.com

**FILE COPY**

April 20, 2007

James Bodin, Esq.
McPhillips, Shinbaum & Gill, LLP
P.O. Box 64
Montgomery, AL 36101-0064

     Re:   *William Bowden v. Mission Petroleum Carriers*
           Our File No.:  2340-4

Dear Mr. Bodin:

     Please find attached Mr. Navarro's responses to your outstanding discovery.  They have been reviewed and approved by Mr. Navarro, and we are awaiting the signature page.  The responses will be supplemented with the signature page when it is received.

     With best regards, I am,

                           Very truly yours,

                           VINCENT A. NOLETTO, JR.

VANjr/lls

Attachments



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| WILLIAM D. BOWDEN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 2:06-CV-665 |
| MISSION PETROLEUM CARRIERS, ANTONIO MARTINEZ NAVARRO | ) |
| Defendants. | ) |

**DEFENDANT ANTONIO M. NAVARRO'S RESPONSES TO
PLAINTIFF'S CONSOLIDATED DISCOVERY REQUESTS**

Defendant Antonio M. Navarro hereby responds to Plaintiff's consolidated discovery requests as follows:

1.    Was the Defendant served at the correct address with his law suit?  If not, please give correct name and current address for Defendant.

RESPONSE:  Yes.

2.    State the complete name and current address of the individual(s) responding to these interrogatories or contributing to the responses.

RESPONSE: Antonio Navarro, address as served on undersigned counsel of record.

3.    State the full name and address of the current employer of Defendant and the full name and the address of the employers of the Defendant on May 13, 2004 and/or what were your hours of employment on this date?

RESPONSE: Quiroga Trucking, Van Vleck, Texas.   On May 13, 2004, I was employed by Mission Petroleum Carriers, 1777 North E. Loop 140, Suite 410, San Antonio, Texas, 78217.  My hours were as set forth by the USDOT.

4.    Was the Defendant driving a vehicle in the line and scope of employment and/or was the truck/vehicle provided by an employer at the time of the accident and/or were you performing

any duties or acts for any person other than yourself at the time of this accident?

RESPONSE: I was working for Mission Petroleum Carriers at the time of the accident and driving a truck provided by Mission Petroleum Carriers.

5.    In August 2004, what was the Defendant's complete address of residence and provide the names of all persons who resided with the Defendant at this residence?

RESPONSE:   On advice of counsel, Defendant objects to this request as seeking information with is irrelevant to the incident made the basis of this suit and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving these objections, Defendant states as follows: same.  No one lived with me.

6.    State the make, model, year, and all title holders of the commercial truck operated by the Defendant Navarro on or about May 13, 2004.

RESPONSE: The truck was provided to me by Mission Petroleum Carriers.  I do not know who held the title.  The truck was a Freightliner Conv SL, 1994.

7.    If you were not the registered owner of said automobile at the time of the accident, state from whom and the circumstances under which you obtained possession of the truck.

RESPONSE:   The truck was provided to me for use while working for Mission Petroleum Carriers.

8.    Did you have the permission of the owner to drive such vehicle generally and/or at the specific time of this collision?

RESPONSE:  Yes.

9.    State whether or not there is liability insurance coverage for the commercial truck/motor vehicle driven by Defendant that was involved in the collision in Montgomery, Alabama, including:

a. State the **name(s)** and address of all liability insurance carriers that wrote the policy of liability insurance coverage applicable to this collision;

b. State the **amount** of liability insurance coverage(s) on the motor vehicle driven by Defendant that collided with the motor vehicle driven by Plaintiff.

RESPONSE: I do not have possession of these documents but understand that Mission Petroleum Carriers has produced them.

10.    If Defendant is asserting the affirmative defense of contributory negligence or assumption of the risk, state in detail the basis for such contentions and/or do you claim that Plaintiff acted or omitted to act in a manner which contributed to the accident?

RESPONSE:  On advice of counsel, Defendant objects to this request as seeking discovery of information protected by the attorney client privilege and/or work product doctrine.  Without waiving this objection, Defendant states as follows: This matter is still under investigation.

11.    Please list the Defendant's employment title/position with Defendant Mission Petroleum Carriers and the entire length/period of employment with this Defendant including listing how long has Defendant Navarro operated commercial vehicles.

RESPONSE: I was hired by Mission Petroleum Carriers on March 17, 2004, as a company driver and worked for Mission Petroleum Carriers until June 8, 2004.  I have driven commercial vehicles since September 2002.

12.    State the name and complete address of all healthcare provider(s) to which Defendant was transported and treated with following the collision, including but not limited to all ambulances and hospitals.

RESPONSE:   I did not seek any medical attention as a result of the accident made the basis of this suit.  However, I did submit to a drug test and understand that Mission Petroleum Carriers has produced that document to you.

13.    Please admit that the accident as described in the attached official Uniform Alabama Accident Report for the wreck of May 13, 2004, is correct as described.  If denied in any part, specifically state what facts described are incorrect in said report.

RESPONSE: On advice of counsel, Defendant objects to this request as seeking an improper admission based on inadmissible hearsay. Without waiving this objection, Defendant states as follows: The accident made the basis of this suit occurred as a part of a chain reaction accident on northbound Interstate 65 at mile marker 121. As I approached the location of the accident, it began to rain very hard. I slowed to about 45 miles per hour, down shifted, and saw a tanker truck to my left jack knife and go into the median. Immediately after that I saw an 18-wheeler flatbed in front of my truck and a passenger car to my left. I saw an opening between the passenger vehicle and the flat bed and attempted to avoid an impact with either the passenger or the flat bed by driving between them. As I drove between them, the blinker of my unit clipped the driver side rear flat bed. Plaintiff exited his truck after the accident and told me that he was okay. He did not appear to be hurt. Neither my truck nor Plaintiff's truck was disabled or towed. In fact, Plaintiff drove his truck from the scene.

14.    What were your detailed activities during the last 24 hours preceding the accident and/or what businesses or establishments did you visit during this period?

RESPONSE: I was off duty from 9:30 p.m. on May 11, 2004, until 3:45 p.m. on May 12, 2004. At that time, I conducted my pretrip inspection and at 4:00 I left Houston, Texas and drove to Beaumont, arriving at 6:00 p.m. I was on duty but not driving from 6:00 p.m. until 6:30 p.m. At 6:30 p.m., I left Beaumont, Texas and drove to Baton Rouge, Louisiana, arriving at 10:00 p.m. I was off duty from 10:00 p.m. until 8:00 a.m. on May 13, 2004. I then drove from Baton Rouge, Louisiana, to Greenville, Alabama, where this accident occurred.

15.    List the name, complete address of all persons who spoke to the Defendant on May 13, 2004 and the location and substance of those conversations.

RESPONSE: I spoke briefly with Mr. Bowden and the driver of the jack knifed truck to make sure they were okay. I also spoke with the investigating officers on the scene as well as Mission Petroleum's accident investigator who later came on the scene.

16.    At the time and place of the accident, were you the named insured and/or had potential coverage under any policies of auto liability insurance? If the answer to either of the foregoing questions is "yes," state the following with respect to each of such policies of liability insurance:

    a.    The name and address of the company issuing such policy;

    b     The number of such policy;

    c     The nature and extent of the coverage which protects you against the risk of this suit.

RESPONSE: Mission Petroleum Carriers had insurance and has produced this information to you. I do not have possession of these documents.

17.    State the full name and current address of each and every occupant in the vehicle driven by the Defendant at the time of the collision. If other persons were in this vehicle, state for each occupant:

    a.    His or her name and address;

    b.    His or her exact place or location in the vehicle;

    c.    When he or she joined the trip;

    d.    Where he or she joined the trip.

RESPONSE:  I was the only occupant in my truck at the time of the accident.

18.    With reference to the trip you were taking at the time of the accident herein, state:

    a.    Where and when it started

RESPONSE:  Baton Rouge, Louisiana, 8:00 a.m., May 13, 2005.

    b.    Where it was scheduled to end;

RESPONSE:  McDonough, Georgia.

    c.    When you were due to arrive at your intended destination;

RESPONSE:  6:00 a.m., May 14, 2004.

      d.      The stops which had been made prior to the collision;

RESPONSE: I did not make any stops between his point of departure in Baton Rouge, Louisiana, at 8:00 a.m. and the accident made the basis of this suit.

      e.      The stops which you intended making over the uncompleted part of your trip;

RESPONSE: I did not have any scheduled stops.

      f.      The reason or reasons for the trip;

RESPONSE: I was making a delivery to a customer.

      g.      The number of miles you had already traveled at the time of the accident.

RESPONSE: I had driven approximately 300 miles.

19.    Please describe in detail the training, testing, and/or instruction you have received in order to operate this commercial truck on interstate highways and including but not limited to any and all training you have received with respect to compliance with the Federal Motor Carriers Safety Regulations.

RESPONSE: I completed a truck driving course at Houston Community College. When I was hired by Mission Petroleum, I attended ISO-9002 orientation and was given a road test on March 17, 2004. I also completed the company's HM-126 function specific training on compliance with 49-CFR 172.704 and security awareness training. My orientation training with Mission Petroleum Carriers was three days beginning on March 17, 2004. I was given the following documents: current FMCSR pocket book, 2004 emergency response guide book, hazardous materials compliance pocket book, Mission Petroleum Carriers, Inc., alcohol misuse and substance abuse policy and procedure, Mission Petroleum Carriers, Inc., employee guide to health and safety, Mission Petroleum Carriers, Inc., professional driver handbook.

20.    At the time of the accident, what was the condition of the automobile including the conditions of the:

      a.      Brakes:

RESPONSE:  Good condition.

        b.        Signaling devices;

RESPONSE:  Good condition.

        c.        Steering apparatus;

RESPONSE:  Good Condition.

        d.        Tires;

RESPONSE:  Good Condition.

        e.        Lighting equipment;

RESPONSE:  Good Condition.

21.    In detail, describe your business, social, and other activities for the 24-hour period prior to the accident and what persons were with you during these activities?

RESPONSE: On advice of counsel, Defendant objects to this request as seeking information which is irrelevant to the incident made the basis of this suit and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Defendant states as follows: See response to interrogatory 14.  In addition, I understand that you have been provided with a copy of my log book.

22.    Were you in an establishment where liquor was dispensed on the day of this collision? If so, state the name and address of each establishment and the reasons of your presence therein?

RESPONSE:  No.

23.    In the 24-hour period preceding the accident, did you purchase and/or have anything of an alcoholic nature to drink? If so, state the name, type, and brand of each drink consumed quantity consumed; and place/business where alcohol was consumed?

RESPONSE:  No.

24.    With further reference to your alcoholic consumption in the 24 hours preceding the

accident, state the name and address of each person:

      a.     Who was present at the time of your alcoholic consumption and/or with whom you were drinking;

      b.     Who served or sold you drinks;

      c.     Who was serving drinks to any other person present at the time of your consumption.

RESPONSE:  I did not consume any alcoholic beverages in the 24 hours before this accident.

    25.     After the wreck, were you subjected to any field sobriety tests, ?If so, state for each test:

      a.     The type given;

      b.     The length of time after the accident that the test was given;

      c.     The name, address, and occupation of the person who gave such test;

      d.     The results therefrom.

RESPONSE:  The investigating officer observed me following the accident and determined that neither alcohol or drugs were involved in this accident.  On May 14, 2004, a post accident drug test was ordered from LabOne, 10101 Renner Blvd., Lenexa, Kansas, 66219.  The collection site was St. Elizabeth Hospital, 1125 West Highway 30, Gonzales, Louisiana, 70737.  The results were negative for all drugs.

    26.     Was a blood alcohol test administered to you?:

      a.     A blood sample from you;

      b.     A blood sample from any other occupant of your vehicle at the time of the accident.

      If so, for each specific test state:

      a.     The name, address, department, and occupation of the person who took

such blood sample;

  b.  The name, address and occupation of the person who conducted the test;

  c.  The time and date the test was conducted;

  d.  The result thereof.

RESPONSE: I provided a urine sample for the test noted in response to request 26. I was not asked to provide a blood sample. My post accident drug test was negative for all drugs.

  27.  On May 13, 2004 did you take any drug, pill, narcotic, sedative, tranquilizer, or other form of medication or illegal drug or substance:

  a.  Within one week prior to the accident;

  b.  Within the 24-hour period preceding the accident. If so, state:

  c.  The identity of or name of such drug, etc.

  d.  The time and date of taking;

  e.  The schedule of taking;

  f.  The amount taken;

  g.  The reason for taking;

  h.  Whether any such drug, etc. was procured under a prescription.

RESPONSE: I take an aspirin every day for my heart.

  28.  Did you have a conversation with any of the police officers who investigated the wreck? If so, state:

  a.  The name, agency or department, and badge number of each officer;

  b.  The complete substance of the conversations.

RESPONSE: I do not recall his name or badge number, but I did speak with an officer who investigated the accident.

  29.  State the name, residence, place of employment, and business and home telephone numbers of each person known to you or any of your representatives who:

a.      Witnessed the accident;

b.      Were present at the scene of the accident immediately prior to its occurrence and at any time within three hours thereafter;

c.      Were within sight or hearing of the accident;

d.      Rendered assistance to the Plaintiff at the scene of the accident;

e.      Removed the Plaintiff from the scene of the accident;

f.      Accompanied you from the time you began your trip on the day of the accident up to the time of its occurrence;

g.      Investigated the accident on your behalf;

RESPONSE:  I do not know the identity of any person who witnessed the accident aside from myself and the Plaintiff.

30.     Has any knowledge of the facts concerning the conduct, activity, and physical or mental condition of any person involved in the accident during the twenty-four hour period immediately preceding the accident;

RESPONSE: Myself and Plaintiff.

31.     Has any knowledge of the facts concerning the condition of your vehicle, including its maintenance, repair, or change immediately prior to, at the time of, and at any time subsequent to the accident.;

RESPONSE: Myself and Mission Petroleum Carriers.  Plaintiff saw my truck after the accident, but I do not know what he observed.  The officers at the scene also saw my truck after the accident.

32.     Has any knowledge of the facts concerning the injuries claimed by the Plaintiff as a result of the accident;

RESPONSE:  I observed Plaintiff after the accident as did the officers at the scene.

33.     Has any knowledge of the facts as to how the accident occurred.

RESPONSE:  Myself and Plaintiff.

34.    If you have pleaded contributory negligence in this case, please state:

a.    The name, address, place of employment, job title or capacity, and last known whereabout of each person having knowledge or claiming to have knowledge of any contributory negligence on the part of the Plaintiff;

b.    The fact upon which you intend to prove this assertion.

RESPONSE:  Upon advice of counsel, Defendant objects to this request to the extent that it seeks discovery of information which is protected by the attorney client privilege and/or work product doctrine or which constitutes attorney mental impressions.

35.    Were you charged by the city, county, or state with a traffic regulation or criminal charge(s) as a result of the operation of your vehicle at or just prior to the occurrence of the accident/incident herein?

RESPONSE: No.

36.    Have you ever been arrested for or convicted of any criminal offense(s), including all traffic offenses unrelated to the accident herein?

RESPONSE: On advice of counsel, Defendant objects to this request to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible at the trial of this matter.  Without waiving this objection, Defendant states as follows: In 1976, I was convicted of being in possession of less than 2 oz. of marijuana and placed on probation for one month.

37.    Identify each and every person whom you expect to call as an expert witness at the trial of this case and for each such person state the following:

a.    The subject matter on which the expert is expected to testify;

b.    The substance of all facts and opinions on which the expert is expected to testify;

c.    A summary of the grounds for each opinion;

d.      Each such person's background, training and experience and other qualifications.

e.      With regard to any expert whom you expect to call as a witness and/or have identified in expert disclosures, please attach a copy of any reports, diagrams, opinions, documents, papers, videos, cds or dvds, electronic data, photographs, and/or test results or reports, including factual observations and opinions which have been prepared by such expert(s);

RESPONSE: Doug Miller, who is expected to testify in his capacity as a vocational expert. I understand that my attorney will provide you with a copy of Mr. Miller's report, and refer you to that report for Mr. Miller's opinions. I also understand that you have been provided with a copy of Mr. Miller's CV and refer you to that document for a summary of his qualifications.

In addition to Doug Miller, I may call any of Plaintiff's health care providers as disclosed in his deposition testimony, discovery responses or medical records. On advice of counsel, I reserve the right to supplement this response as allowed by law.

39.     State the name, address and occupation of each expert(s), having any knowledge of any facts relating to the accident/collision which is the basis of this suit, the cause thereof, and the damages resulting therefrom.

RESPONSE:   At this time, I do not intend to call a reconstructionist or other expert regarding the accident itself. I refer Plaintiff to the previous response for experts that I may call relative to injuries suffered by Plaintiff.

## REQUESTS FOR PRODUCTION

1.      Please produce a copy of all insurance agreement (s)and/or policy(s) which may satisfy part or all of a judgment which may be entered in the action against any Defendant(s) or to indemnify or reimburse for payments made to satisfy a judgment against the Defendant.

RESPONSE:   I understand that Mission Petroleum Carriers has produced this information. I do not have additional documentation.

2.    Please list by county and date and produce a copy of any and all automobile accident reports, auto/traffic violations, DUI's and/or tickets involving the Defendant within the last (7) seven years.

RESPONSE:  On advice of counsel, Defendant objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant states as follows: See the accident report for the accident made the basis of this suit.

3.    Please furnish copies of any statements in your possession, not privileged, made by any Defendant to anyone regarding the accident of May 13, 2004, involving said driver and Plaintiff. If you object to the production of these items, please list the identity of such items, the name of the person who possesses this statement or information, and the date such statement was provided and to whom.

RESPONSE:  I am not in possession of any such documents, but understand that you have been provided with a copy of my statement.

4.    Please furnish copies of any documents in your possession, not privileged, relating in any way to the accident involving Defendant on May 13, 2004. If you object to the production of these items, please list the identity of such items, the name of the person who possesses this statement or information, and the date such statement was provided and to whom.

RESPONSE:  I do not have any documents relating to the subject accident.

5.    Please list the name, address and phone number of all persons who witnessed and/or who have any knowledge concerning the car collision between the Plaintiff and the Defendant.

RESPONSE:  I do not know the name or address of anyone with knowledge of the accident other than myself and Plaintiff.  Police officers came to the scene, but I do not know their names and I do not know what information they have.  They were not present at the time of the accident,

however.

6.      Please furnish copies of all photographs, cds, videotapes, video, pictures, audio tapes, documents, diagrams and charts which were made by or in the possession of the Defendant which pertains to said vehicular accident of May 13, 2004. If you object to the production of these items, please list the identity of such items, the name and address of the person(s) who possesses this statement or information, and the date such statement was provided and to whom.

RESPONSE: On advice of counsel, Defendant objects to this request to the extent that it seeks documents and things protected by the attorney-client privilege, work product doctrine or which were prepared in anticipation of litigation. Without waiving this objection, Defendant states as follows: Defendant is not in possession of any responsive documents, but refers Plaintiff to the diagram produced by Mission Petroleum Carriers.

7.      Please furnish copies of all oral, written and/or recorded statements you may have received from any witnesses to said May 13, 2004, auto collision. If you object to the production of these items, please list the identity of such items, the name and address of the person(s) who possesses this statement or information, and the date such statement was provided and to whom.

RESPONSE: On advice of counsel, defendant objects to this request to the extent that it seeks discovery of documents and things, protected by the attorney-client privilege, work product doctrine, o r w hich w ere p repared i n a nticipation o f l itigation. W ithout w aiving t his o bjection, Defendant states as follows: I am in possession of no responsive documents but refer Plaintiff to my statement which was produced by Mission Petroleum Carriers.

8.      Please furnish copies the Defendant Navarro's medical records for injuries sustained as a result of this auto collision with the Plaintiff.

RESPONSE: I did not receive any injuries in the accident, but understand that Mission Petroleum Carriers has produced the results of my drug test.

9.      Please produce a list of the names and addresses of all medical providers who have

treated the Defendant over the last (7) seven years concerning treatment for drug, prescription, and/or alcohol abuse.

RESPONSE:   On advice of counsel, defendant objects to this request as seeking information which is irrelevant to the incident made the basis of this suit, not reasonably calculated to lead to the discovery of admissible evidence and overly broad.  Without waiving this objection, I have not received any treatment nor needed treatment for substance abuse in the last seven years. I understand that Mission Petroleum Carriers has produced my medical card which contains the name of the health care provider who certified me as able to drive.

10.    Please furnish copies of all service and repair records for the automobile driven by Defendant on May 13, 2004 for damages sustained in this wreck.

RESPONSE:  I am not in possession of any documents responsive to this request. I understand that Mission Petroleum Carriers has produced some maintenance records.

11.    Produce the results of all breathalyzer, field sobriety, and/or blood alcohol tests administered to you following this wreck.

RESPONSE:  I am not in possession of this document, but understand that Mission Petroleum Carriers has produced it.

12.    Produce your cellular phone bill and records for the service month of May, 2004.

RESPONSE: Defendant will supplement this response once requested documents are obtained.

13.    Produce all photos and/or video of the vehicles involved in this wreck.

RESPONSE:  I do not have any photos or video of the vehicles involved in the wreck.


Respectfully submitted on this the ___ of April, 2007.

_____
Antonio Navarro

STATE OF TEXAS      )
COUNTY OF          )

Sworn to and subscribed before me on this
_____ day of _____, 2007.

_____
NOTARY PUBLIC
My Commission Expires

_____
VINCENT A. NOLETTO, JR. (NOL008)
CAROLINE T. PRYOR (PRY005)
Attorneys for Defendant

**OF COUNSEL:**
CARR ALLISON
P.O. Box 1126
Daphne, AL 36526
251-626-9340
ctp@carrallison.com

## CERTIFICATE OF SERVICE

     I do hereby certify that I have on this _____ day of _____, 2007, served a copy of the foregoing on all counsel of record, by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to the following:

James Bodin
McPhillips, Shinbaum & Gill, L.L.P.
Post Office Box 64
Montgomery, Alabama 36101-0064

_____
OF COUNSEL