IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM D. BOWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:06-CV-665 |
| ) | |
| MISSION PETROLEUM CARRIERS, ) | |
| ANTONIO MARTINEZ NAVARRO ) | |
| ) | |
| Defendants. ) | |

### ORDER ON PRETRIAL HEARING

A pretrial conference was held in the above case on May 30, 2007, wherein the following proceedings were held and action taken:

1. <u>Appearing for the Plaintiff</u>: James G. Bodin

2. <u>Appearing for the Defendant</u>: Vincent Noletto

3. <u>The following pleadings were allowed</u>:

    (a) <u>For the Plaintiff</u>: Summons and Complaint, Defendants' Responses to Plaintiffs' Consolidated Discovery including: Defendants' Answers to all Interrogatories, Requests for Production of Documents, and Responses to Requests for Admissions with attached Exhibits.

    (b) <u>For the Defendant</u>: Defendants' Answers, Plaintiff's responses to Defendants' Discovery Requests.

4. <u>Jurisdiction & Venue</u>

    There is no contest as to either jurisdiction or venue.

5. <u>Parties</u>: At the time of this collision on May 13, 2004, Plaintiff William D. Bowden [hereinafter Plaintiff] was a resident citizen of Montgomery County, Montgomery,

Alabama, and employed with Southern Carriers Transport of Montgomery, Alabama. Defendants are Mission Petroleum Carriers and Antonio Navarro.

      6.      <u>Claims and Defenses of the Parties</u>:

          (a)      <u>Plaintiff's Claims</u>:

On or about May 13, 2004, on a public roadway at or near the intersection of Alabama Highways 106 and 10, on Interstate I-65 at mile marker 121 in Butler County, near Greenville, Alabama, Defendant Antonio M. Navarro was operating a commercial vehicle and/or a 1994 18-wheeler truck (VIN# 1FUYDMCB4RH636858) and hauling a fully-loaded tank with liquid soap to Georgia in the line and scope of his employment with Defendant Mission Petroleum Carriers. Plaintiff William D. Bowden, an employee of Southern Carriers of Montgomery, Alabama, was operating a commercial truck with an attached flatbed trailer loaded with wooden pallets. Due to a wreck approximately a mile ahead north on I-65, Plaintiff was sitting stationary in his truck in the right northbound lane I-65 near mile marker 121. Prior to impact with the rear of Bowden's trailer, Navarro narrowly swerved left and his tank collided with the rear flat bed trailer spilling the Defendants' load or liquid soap and knocking Plaintiff's pallet load on the interstate. Defendants negligently, recklessly, and/or wantonly caused and/or allowed their 18-wheeler commercial truck and tank to collide with Plaintiff's flatbed trailer at 55 mph causing injuries and damages. Negligently, recklessly, and/or with a wanton and conscious disregard for the safety of other drivers on this Interstate, including the Plaintiff, Navarro was traveling too fast, could not see the road, then suddenly recognized traffic ahead; yet he failed to reasonably stop, slow down, and/or adjust his speed to the rainy weather conditions and wet roadway. Navarro negligently, recklessly, and wantonly allowed his loaded 18-wheeler tanker truck and contents weighing over 75,000 lbs. to

collide with the rear of the Plaintiff's flatbed trailer traveling at the estimated speed of 55 mph causing permanent injuries and damages to the Plaintiff. In consideration of the Defendants' speed at impact, a straight and unobstructed roadway, the weather and wet road conditions, the gross weight and load of the truck and loaded trailer, and the stationary traffic ahead, the Defendants' actions were reckless, and wanton conduct requiring punitive damages. Dorman v. Jackson, 623 So.2d 1056 (Ala. 1993); Osborne Truck Lines, Inc. v. Langston, 454 So.2d 1317 (Ala. 1984).

As a result of this collision, the Plaintiff's resulting permanent physical injuries, including his neck injury which required cervical fusion surgery at C6-7 performed by Dr. Patrick Ryan at Jackson Hospital on or about January 4, 2005, were proximately caused by the negligent, reckless, and wanton conduct of the Defendant Mission Petroleum Carriers and/or their agent, employee and driver Defendant Antonio Martinez Navarro. Specifically, Defendants negligently, recklessly, and/or wantonly breached duties owed Plaintiff as follows:

a.  The driver of a motor vehicle upon a public highway is under a duty to exercise reasonable care to avoid inflicting injury and damage upon others who may be lawfully using the same public highway. See A.P.J.I. 26.00. Defendants breached their duty to the Plaintiff Bowden to safely operate their commercial truck [according to the §392.14 of the Federal Motor Carrier Safety Regulations, the Alabama Rules of the Road, including but not limited to A.R.R. §32-5A-170, regarding operating a vehicle in hazardous weather conditions] and/or in a reasonable and safe manner and negligently, recklessly, and/or wantonly were traveling too fast under the weather and/or road conditions, consciously disregarded the combined weather and highway traffic ahead, failed to monitor road conditions on a CB radio, disregarded stationary vehicles in the roadway, were engaged in speeding under these weather conditions, and failed to operate their 18- wheeler-

transport-tanker truck in a reasonable and safe manner on the Interstate highway thus causing this collision and the related permanent injuries and damages to the Plaintiff. *See* Hornady Truck Line, Inc. v. Meadows, 847 So. 2d 908 (Ala. 2002); Serio v. Merrell, 941 So. 2d 960 (Ala. 2006); Hilliard v. Huntsville Elec. Utility Board, 599 So. 2d 1108, 1110 (Ala. 1992 ); Deaton, Inc. v. Burroughs, 456 So. 2d 771 (Ala. 1984); Amtrak v. H & P, Inc., 949 F. Supp. 1556 (M.D. Ala.1996).

      b.      Defendant Mission Petroleum Carriers negligently and/or wantonly failed to properly supervise, train, and instruct employee Antonio M. Navarro how to safely operate a commercial vehicle on a wet interstate highway, provide a CB radio for communication concerning dangerous conditions existing on the interstate, and/or to instruct Navarro as to reasonable and/or proper driving procedures during inclement weather and/or when dangerous conditions exist on the highways.

As a proximate result of Defendants' aforesaid negligence, wantonness, and/or recklessness Plaintiff was caused injuries, including but not limited to actual and consequential damages; permanent injuries; physical injuries, lost wages, loss of future earnings, pain & suffering, inconvenience, annoyance, and mental anguish medical expenses, hospital bills, physician expenses. In consideration of these damages, Plaintiff demands judgment against Defendants Mission Petroleum Carriers and Defendant Navarro for compensatory and punitive damages in an amount the jury deems just and reasonable under the facts and applicable law.

Plaintiff also contends that there is no substantial evidence that the Plaintiff was guilty of contributory negligence, assumed the risk of injury, and there is no substantial evidence of sudden emergency not brought on by the Defendants' own conduct on the roadway. These defenses are not applicable in the present case and should be dismissed. Sears v. Waste Processing Equipment, Inc.,

695 So. 2d 51 (Ala. Civ. App. 1997); Williams v. Harold L. Martin Distributing Co. Inc., 1999 WL 318888 (Ala.Civ.App.1999); Mitchell v. Johnson, 641 So.2d 238 (Ala. 1994); *see also,* City of Lanett v. Tomlinson, 659 So. 2d 68 (Ala. 1995).

      (b)    Defendant's Contentions:

On the date of the accident made the basis of this suit Antonio Navarro was operating a vehicle as an employee of Mission Petroleum Carriers. As he approached the scene of the accident, it suddenly began to rain very hard. Because of the weather conditions, Mr. Navarro realized too late that traffic was stopped due to another accident. He attempted to drive between two lanes of traffic in order to avoid causing an accident, but in doing so, clipped the trailer of Mr. Bowden's tractor trailer unit. Photographs of the accident scene show minimal damage to Mr. Bowden's trailer and no damages to his tractor. After the accident, Mr. Bowden exited his vehicle and told Mr. Navarro he thought that he was okay. Mr. Bowden's vehicle was driveable after the accident. Mr. Bowden claims to have suffered a cervical herniation as a result of the accident made the basis of this suit. If, in fact, Mr. Bowden did suffer an injury as a result of the accident made the basis of this suit, he is currently employable as a truck driver and does not have permanent injuries which would restrict his ability to obtain gainful employment earning the same as or more than his wages at the time of the accident made the basis of this suit. Further, although Mr. Bowden was employed as a truck driver at the time of the accident, he had been so employed for only three weeks and thus Defendants deny that the job he had at the time of the accident was representative of Mr. Bowden's past earning history. In addition, although Mr. Bowden may have suffered an injury, Mr. Bowden's physicians testified that he had a good outcome as a result of his medical treatment and that he has minimal, if any, physical impairment as a result of the accident made the basis of this

suit.

7.    <u>Stipulations Between The Parties</u>:   It is agreed between the parties that the following shall be admitted into evidence including:

A.    Plaintiff's Exhibits A-I or medical records from the Plaintiff's medical providers below shall be admitted into evidence as evidence that such medical bills as paid and treatment were reasonably and necessary and as evidence the treatment Plaintiff received as a proximate cause of the collision which is the subject matter of this case. Further, the parties agree to admit Plaintiff's Exhibits 7 and Plaintiff's Exhibit 34 or an itemization of medical bills and payments in the amount of $46,153.00 paid by Plaintiff's worker's compensation carrier Providence Property and Casualty to Plaintiff's medical providers as Providence is entitled to recover the amount of medical benefits paid from any judgment. This stipulation is to expedite the trial in that Plaintiff will not have to produce the physician(s) and/or custodian of records healthcare providers below:

Exhibit A  -  Dr. Mont Highley, MD

Exhibit B  -  Montgomery East Physical Therapy

Exhibit C  -  Montgomery Imaging Center

Exhibit D  -  Central Alabama Pain Management Center and/or Dr. Roger Kemp

Exhibit E  -  Jackson Hospital

Exhibit F  -  Neurology Consultants and/or Dr. Caudill Miller, MD

Exhibit G  -  Rehab Associates

Exhibit H  -  Dr. Patrick Couch

Exhibit I  -  Dr. Patrick G. Ryan, MD

B.    It was admitted in discovery responses and agreed between the parties that:

      1)    the motor vehicles being driven by Defendant Navarro and Plaintiff Bowden were involved in a collision on May 13, 2004;

      2)    Defendant Navarro was an employee of Defendant Mission Petroleum Carriers and operating their 1994 18-wheeler truck (VIN# 1FUYDMCB4RH636858) in the line and scope of his employment with Defendant Mission Petroleum Carriers at the time of this collision on May 13, 2004.

      3)    Exhibits 8 and 9 contain the signature of Defendant Navarro and Exhibit 9 contains Defendant Navarro's version of the collision involving the Plaintiff on May 13, 2004.

C.    The following Plaintiff's Exhibits are deemed genuine and admitted into evidence without objection, as follows:

      Exhibit 2-    Deposition of Dr. Patrick G. Ryan, MD with exhibits;

      Exhibit 3 -    Deposition of Dr. Mont Highley, MD with exhibits;

      Exhibit 4 -    Vocational Report from Mike Staff;

      Exhibit 8 -    Statement signed by Defendant Navarro on the date of this collision.

      Exhibit 9 -    Driver's Statement of Accident Facts by Defendant Navarro given to his employer;

      Exhibit 10 -    Signature page of Personnel Policies signed by Defendant Navarro on March 14, 2004;

      Exhibit 11 -    Defendant Navarro's pay stub from Mission Petroleum Carriers dated May 25, 2004;

      Exhibit 12 -    Mission Petroleum Carriers' Professional Driver Handbook;

      Exhibit 24-    Defendant Mission Petroleum Carriers' Answers to Interrogatories and Request for Production of Documents;

  Exhibit 25 - Defendant Navarro's Answers to Interrogatories and Request for Production of Documents;

  Exhibit 26 - Defendant Mission Petroleum Carriers' responses to Plaintiff's Requests for Admissions;

  Exhibit 27 - Defendant Navarro's responses to Plaintiff's Requests for Admissions;

  Exhibit 28 - Plaintiff's responses to Interrogatories;

  Exhibit 29- Plaintiff's responses to Requests for Production;

  Exhibit 30- Plaintiff's responses to Requests for Admissions;

  Exhibit 31 - Photos taken of the collision site;

  Exhibit 33 - Photos taken by Crawford and Company, their adjusters, and/or representatives of the Plaintiff's vehicle/flatbed trailer involved in the collision;

  Exhibit 35 - Physician order from Dr. Patrick G. Ryan;

  Exhibit 48 - Photos produced by Crawford & Company.

D. The parties agree that the sworn deposition testimony of Dr. Patrick G. Ryan, MD; Dr. Mont Highley, MD; and Alabama State Trooper Clint Harrell shall be entered into the trial record in lieu of their attendance and live trial testimony.

 E. Parties agree that the Defendant's Exhibits 1-5 are deemed genuine and shall be admitted without objection.

 It is ORDERED that:

 1. The jury selection and trial of this cause, which is to last 1.5 days, are set for July 17, 2007, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

2.  A trial docket will be mailed to counsel for each party approximately four weeks prior to the start of the trial term;

3.  Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

4.  The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than July 3, 2007.

5.  All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #7) entered by the court on August 14, 2007;

6.  All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the court.

DONE this 30th day of May, 2007.

/s/ W. Harold Albritton
W. Harold Albritton
Senior U. S. District Judge